WAGLER, P. J.
The defendant herein was charged with a “violation of the Fremont Municipal Code[1] section 8-22101a, in that said defendant did . . . wilfully . . . erect, place and maintain a sign in an R-G Garden Apartment Resi *887 dence zoning district that did not comply with the requirements of section 8-2802 of the said code in that the said sign was of an area greater than one square foot. ’ ’
Prom the judgment imposed pursuant to his conviction after a jury trial, defendant has appealed. Defendant does not question the sufficiency of the evidence, his principal attack being upon the constitutionality of relevant provision of the P.M.C.
Section 8-22101 (a) mentioned in the complaint is a section of the division on zoning which undertakes the regulation of signs in each of the city’s various zones and for enforcement purposes requires a permit. Section 8-2802 is a portion of article 8 of title VIII of the P.M.C. The E-G zone referred to in the complaint is established by this article. Its pertinent provisions are therefore set forth in full in the footnote.[2]
Section 8-22101 (o) (not referred to in the complaint), with certain exceptions not applicable to defendant, limits the size of any sign in an E-G zone to “not over one square foot in area.” The case appears to have been tried upon the theory that defendant violated this section, rather than section 8-2802 which, as pointed out hereinafter, is inoperative.
*888 Assuming arguendo that the complaint states a public offense, we have concluded, nevertheless, that the conviction should be reversed.
The City of Fremont is a “ Government Code ’ ’ city and pursuant to the provisions of that code has adopted a comprehensive plan for its physical development. For the purpose of carrying out this plan, the city has been divided into 17 zones. Each zone in turn specifies three classes of permitted uses to which the land therein may be put, to-wit:
1. Principal permitted use—“. . . for which no conditional
use permit is required. . . .” (F.M.C. 8-2163.)
2. Accessory use—“. . . a use or structure subordinate to
the principal use on the same lot and serving a purpose customarily incidental to the principal use. . . .” (F.M.C.
8-2102.)
3. Conditional use[3]—“. . . a use of land for which a conditional use permit is required. . . .” (F.M.C. 8-2125.)
Except as to the E-G zone, the three classes of uses permitted in the specific zones appear to bear a reasonable relationship one to the other. As to the E-G zone, however (while article 8 uses the term “Garden Apartment Eesidence District” in its title and declares its purpose to be to “stabilize and protect the residential characteristics of the district...”), the only principal permitted use in the E-G zone is “agriculture.” At the same time, none of the accessory uses authorized by section 8-2802 is capable of serving any purpose “subordinate to” or “customarily incidental” to agri *889 culture, since each necessarily requires the existence of some building or structure. It follows a priori that a property owner in an R-G zone (except as to prior existing nonconforming uses) may, as a matter of right, either till his land or permit it to stand idle. Without having first obtained a permit, as noted below, he may not even erect a farm house, a bunk house, a stable or a roadside stand, although these uses are permitted as of right in Zone A—the true agricultural zone established by the city council and planning commission. (F.M.C. 8-2401; F.M.C. 8-2402.)
Such property owner may, however, apply for and, if successful, he may obtain a special use permit to make any use of his property which is permitted as of right in a single-family, a two-family or multiple-family zone.
To obtain such permit he must:
1. Apply for same to the planning commission on a form prescribed by the city. (F.M.C. 8-22503.)
2. Pay an application fee, no part of which shall be returnable. (F.M.C. 8-22504.)
3. Prepare and submit with Ms application, maps and drawings. (F.M.C. 22505.)
4. Be prepared to present his case at a public hearing, should the commission deem such hearing necessary. (F.M.C 8-22506.)
The device of providing for the issuance of a special use permit is well recognized as legitimate zoning procedure. It permits the inclusion in the zoning pattern of uses considered by the legislative body to be essentially desirable to the community, but which because of the nature thereof or their concomitants (noise, traffic, congestion, effect on values, etc.), militate against their existence in every location in a zone, or in any location without restrictions tailored to fit the special problems which the uses present.
There are limits, however, on the use of this procedure. To be valid it should be limited to those uses only for which it is difficult to specify adequate conditions in advance, i.e., schools, hospitals, service stations, and uses of the type specified in F.M.C. 8-2803 (c)-(h); and as to such uses, adequate standards must be laid down by the legislative authority for the guidance of the administrative agency. (State Board of Dry Cleaners v. Thrift-D-Lux Cleaners, Inc., 40 Cal.2d 436 [254 P.2d 29]; Agnew v. Culver City, 147 Cal.App.2d 144 [304 P.2d 788].)
It can not be legitimately argued that a single-family *890 dwelling, a duplex or a multiple dwelling present special use problems which can not be resolved by restrictions o£ general application established legislatively.
Other than some very general guide lines hereinafter mentioned, no attempt has been made to establish any criteria or standards for the guidance of the planning commission in deciding who in an R-G zone may build an apartment house, who may build a duplex, who may improve his land with only a single-family residence, or who must leave his land unimproved.
To hold that the limitations imposed by the “purpose” section of the ordinance (F.M.C. 8-2700) or the other declared basic purposes of protecting “adjacent property” and promoting the “health, safety, peace, morals, comfort or general welfare” (F.M.C. 8-22502) are sufficient standards for the exercise of the discretionary power conferred on the planning commission to grant or reject conditional use permits, ignores the fact that the power to discriminate is nowhere curtailed. It also ignores the fact that these are the identical standards which governed the city council in enacting the ordinance in the first instance. Thus, the power delegated to the planning commission is no less than that conferred on the city council by the Government Code.
The total effect of article 8 is—by the device of the conditional use permit—to delegate outright the entire legislative zoning function to the planning commission, for it authorizes said commission to rezone, parcel by parcel, the entire area embraced within any R-G zone until the character of the entire zone has been completely changed. The planning commission of a Government Code city possesses no such independent legislative authority. (See Gov. Code, §§ 65460, 65654, 65656, 65800 and 65806.)
Because the restrictions imposed upon the use of property in an R-G zone by section 8-2801 (principal permitted uses) and section 8-2802 (accessory uses) are unnecessary, unreasonable and oppressive, and because of the delegation of an absolute legislative discretion to the planning commission, we hold article 8 to be unconstitutional. (State Board of Dry Cleaners V. Thrift-D-Lux Cleaners, Inc., 40 Cal.2d 436 [254 P.2d 29]; Wotton v. Bush, 41 Cal.2d 460 [261 P.2d 256].) By reason of the foregoing, defendant’s property takes on the character of unzoned property to which section 8-22101 (o) has no application.
*891 Our conclusion on the constitutional issue renders a discussion of the other points raised by appellant unnecessary. The judgment is reversed and the complaint is ordered dismissed.
Chamberlain, J., and Quayle, J., concurred.

Wherever the Fremont Municipal Code is refereed to hereinafter, the abbreviates» “F,M,C,” whi be used.

Article 8. R-G Garden Apartment Residence District.
See. 8-2800. Purpose.
To stabilize and protect the residential characteristics of the district and to promote, insofar as compatible with the intensity of land use, a suitable environment for family life.
See. 8-2801. Principal permitted uses.
The following are the principal permitted uses in an R-G District:
(a) Agriculture, except the raising of animals or fowl for commercial purposes, or the sale of any products at retail on the premises.
Sec. 8-2802. Accessory uses.
The following are the accessory uses permitted in an R-G District:
(a) Rooming and boarding of not more than two persons.
(b) Home occupations and professional offices in the home.
(c) The keeping of not to exceed one eat and one dog over ten weeks in age for each dwelling unit.
(d) One announcement or name plate not over one square foot in area and attached flat against the building.
(e) Other accessory uses and accessory buildings customarily appurtenant to a permitted use.
Sec. 8-2803. Conditional uses.
The following are conditional uses in an R-G District:
(a) Single family dwellings, duplex or two-family dwellings, multiple dwellings and motels.
(b) Rooming houses and boardinghouses for any number of guests.
(c) Incidental services, such as restaurants and retail sales to serve residents, provided there is no exterior display or advertising and such activities are conducted in spaces which are integral parts of a main building.
*888 (d) Social halls, lodges, fraternal organizations and clubs, except those operated for a profit.
(e) Licensed nursing homes.
(f) Public and quasi-public buildings and uses of a recreational, educational, religious, cultural, or public service type; but not including corporation yards, storage or repair yards, and warehouses.
(g) Automobile trailer parks.
(h) Enterprises of a personal service nature, such as offices and studios of instruction, provided that the activity be located and conducted in a dwelling unit, that not more than one employee other than members of the family residing in the dwelling unit be employed, that not more than one-half the floor area of one floor be devoted to the activity, and provided the commission finds that the activity will not alter the residential character of the property and will not be detrimental to adjoining or surrounding residential development or uses, either existing or potential. No sign not complying with the other provisions of this article shall be used to advertise the use.

It is to be noted that the conditional uses mentioned in section 8-2803(a) are essentially the same as the “principal permitted” uses allowed in the single-family and two-family zones. (F.M.C. 8-2601; F.M.C. 8-2701.)